The
Chief Justice
delivered the opinion of the court.
One of the reasons assigned for setting aside the return and proceedings in this case is, that two of the persons who acted as surveyors and signed the return, had not taken, subscribed, and filed the oath of office as requited by law.
The oaths of office of these persons, are in the form set forth in the act of the legislature regulating the subject. They are subscribed by each of them respectively. The Jurat of each is in the following words; “Sworn and subscribed this 10th day of April 1826 before me, William Tindall.” The act above mentioned directs that the person elected shall, before he enters upon •¡he execution of the office, take and subscribe an oath or affit^ *244 mation before' some justice of the peace residing in or near the said township. A neglect or refusal to take, subscribe, and file such oath or affirmation within the time prescribed, is declared a refusal to serve, and the person appointed is unauthorized to discharge the duties,of the office. It does not in any wise appear to us that the person before whom the oaths in question purport to have been made, was a justice, or that they were taken before him in that capacity. The papers as filed with the town clerk do not set out in the jurat, or in any other place, that he was a justice of the peace ; neither in words at length, nor by the accustomed abreviations, nor by any reference whatever. It is not shewn to us that he was, at or about the time of taking the oaths, in the performance of official acts: and if indeed he- was appointed by the joint-meeting a justice, we are not to take judicial notice of the appointment, or that he accepted the commission and acted under it.
Wo are referred, by the counsel of the defendant, to the 20ih section of the act respecting townships, which directs that the justice of the peace before whom the oath or affirmation is taken, shall certify under the said writing the day and year when taken, and subscribe bis name thereto. All this, however, it will be observed, is to be done by a justice of the peace ; and hence the"objection retains all its force. For it is not assorted or shewn in the slightest degree, by any evidence, either within or without the papers, that the person who has made the certificates and signed his name, was a justice of the peace.
On the argument, the defendant’s counsel resisted the evidence produced of -these oaths of office; the originals, it was urged, instead of copies, should have been exhibited here. The original oaths are directed by law to be delivered to the clerk of the township, to be filed. The papers produced are proved by the affidavit of the clerk for the current year, to be true copies of the oaths of office of the surveyors chosen in the year 1826, remaining in his hands as clerk, and delivered to him as such by his predecessor in that office. They are also proved by the affidavit of the preceding clerk, to be true copies of the oaths of office of the surveyors of that year, delivered as such to him, as town clerk, and by him delivered to his successor, and that no other papers were delivered to hini as oaths *245 oí office of surveyors for that year. Such sworn copies were competent evidence without the production of the originals. 1 Starkie Ex. 156.
Tho jctvson assigned for setting aside tho return and proscctliugsq is, in our opinion, sustained in law and fact,