State v. Smith.

THE STATE, ALLEN, PROSECUTOR, v. SMITH, COLLECTOR OF THE TOWNSHIP OF RARITAN.

1. The mere marking of a tax duplicate as an exhibit does not make it competent evidence of the contents; there must be some extrinsic proof of its genuineness.
2. A tax complained of as illegal will not be set aside as illegal, unless there is other proof of the facts necessary to show in what the illegality consisted, beside the prosecutor's *ex parte* affidavit upon which the *certiorari* was allowed.

This was a *certiorari* in a tax case, and was argued before Justices HAINES and ELMER, by *G. A. Allen*, for the prosecutor, and *M. Beasley*, for defendant.

The opinion of the court was delivered by

ELMER, J. The prosecutor of this *certiorari* complains that he has been illegally assessed, in addition to the sums authorized by law, for his share of a sum voted by special town meeting, illegally convened, to be paid as bounty for volunteers, and for a sum assessed for losses and incidentals. Had he shown, by competent evidence, that his complaint is well founded, he would be entitled to relief, it being very certain that the town meeting, even if properly convened, had no legal authority to raise money for either of those purposes.

But there is no legal evidence before us by which it appears that any such assessment was made.

The prosecutor was himself examined as a witness, and it appears he produced a book, which purports to be the tax duplicate for the year 1862, which was marked as an exhibit. This book, however, was not in any way authenticated as a genuine document. The prosecutor did not himself undertake to identify it, nor was the assessor or collector produced for that purpose; nor was it proved, in any way, how the prosecutor's tax was made up.

It was argued, by counsel, that the evidence necessary to show that the prosecutor was in fact taxed for a part of the bounty, appears in several ways.

*First.* By the affidavit of the prosecutor, upon which the *certiorari* was allowed. This was an *ex parte* affidavit, and cannot now be used as proof of anything contained in it; if it could be, there would have been no necessity to make any other proof.

*Secondly.* It was urged that the court allowed a rule staying the collection of so much of the tax as was alleged to be illegal; but this was allowed on the faith of the *ex parte* affidavit, and proves nothing.

*Thirdly.* The directions of the court, that he should pay all the assessment but that complained of; but this also depends on the aforesaid affidavit.

*Fourthly.* The collector's return to the *certiorari;* but this return contained nothing but the tax assessed against the prosecutor, regular on its face, and not the whole duplicate, nor any part of it, but that tax alone, nor was it proper that it should.

The fifth and main argument for the prosecutor was, that the duplicate produced before the commissioner, and by him marked as an exhibit, required no further identification. In my opinion, this argument is not tenable. All exhibits, except such as prove themselves, like duly certified records and acknowledged deeds, require other proof of their genuineness before they can be received as competent evidence.

In the case of *The State* v. *Cake*, 4 *Zab*. 517, to which we are referred, and which was a *certiorari* in a road case, upon the hearing of which, copies of the surveyors' oaths, certified by the clerk of the Common Pleas were produced, which the court rejected as not competent, it was remarked, that the clerk might have been ruled to send up the original papers for inspection, or which is the better practice, sworn copies might have been produced. But it is because neither of these things was done in this case, that the duplicate is not properly before us. It does not in any way appear that the book alleged to be the duplicate came from the custody of the township officers.

It was argued that the duplicate is a public document, which proves itself, and we are referred to 1 *Stark. Ev.* 157, 160, and 1 *Greenl. Ev.*, § 483, and the cases there cited, as authority for this proposition. An examination of the cases and the language of the text writers will show that what is meant is, that documents of a public nature, such as parish registers, tax duplicates, &c., prove themselves good evidence of the facts stated in them. Starkie says, page 182, "the document must always be proved to be that which it purports to be, and for which it is offered, by some extrinsic proof." This, indeed, is so obvious that no express authority would be necessary. A deed more than thirty years old, is said to prove itself; but there must be evidence that it came from a proper depository, or that possession had been held under it, before it can be received as being in fact what it purports to be.

It is highly probable that the document produced is in truth what it purports to be, and the same may be said of the certified copies of the oaths produced in the case of *The State* v. *Cake*. But courts must adhere to the well established rules of evidence, which are quite as applicable in tax cases as in any others. If it has been through inadvertence that the requisite proof of the illegality complained of has not been produced in this case; the party to whom it is chargeable must bear the loss.

It may be proper to remark, that the collector who had the custody of the duplicate was not bound, and indeed ought not to place it out of his custody and control by allowing it to be made an exhibit without the express order of the court. The proper course was to make a copy of such part of it as was required, and prove it to be correct by his oath.

The prosecutor's tax, not being shown to be illegal, must be affirmed.

Tax affirmed.