STATE, LEMUEL B. MYERS, OVERSEER OF THE POOR OF RARITAN, IN THE COUNTY OF HUNTERDON, v. JOHN J. CLARK ET AL., TOWNSHIP COMMITTEE OF RARITAN TOWNSHIP.

1. Only one overseer of the poor can be elected at a town meeting, unless the voters in town meeting assembled decide to elect more than one.
2. The town book, or a sworn copy of it, and not the county clerk's certified copy, is the best evidence of the election of officers.
3. The copy, to be competent evidence, must be a complete copy of the proceedings of the town meeting at which the election is held.

On application for *mandamus*.

Argued at June Term, 1879, before Justices DEPUE, VAN SYCKEL and DIXON.

For the plaintiff, *O. P. Chamberlin*.

For the defendant, *J. A. Bullock*.

The opinion of the court was delivered by

VAN SYCKEL, J. The relator, Myers, sues for a *mandamus*

to compel the township committee of the township of Raritan, in the county of Hunterdon, to accept his bond as overseer of the poor of said township, and to recognize him as such duly elected officer.

The facts upon which his title to the office rests are these: At the annual town meeting in the spring of 1879, over six hundred ballots were cast, of which Myers received less than fifty votes. On all the ballots on which Myers' name appears, he was voted for as "second overseer of the poor." On each of the other ballots but one name for overseer of the poor was voted for. Three persons received more votes than Myers had, but no one was voted for as "second overseer of the poor" except Myers. After the election Myers presented his bond duly executed, and asked to be sworn into office. The refusal of the township committee to recognize his election has led to this litigation.

Section twelve of the township act authorizes the persons qualified to vote to elect, by a majority of votes, one clerk, one assessor, one or more overseers of the poor, &c.

The statute requires one clerk, one assessor, and one overseer, to be elected, but leaves it to the option of the qualified voters whether more than one overseer shall be elected, and unless the desire to elect more than one is expressed in a legal way there cannot be an election of two.

How shall it be determined whether more than one is to be chosen?

No express mode is provided in which such intention shall be declared, but the clear inference from the grant of power to a majority of the qualified voters is, that if the voters in town meeting assembled shall desire to elect more than one, they shall so decide. There is no other way in which it can be done.

If one person votes for ten overseers of the poor, and all the other voters vote for one, the ten are not elected, unless it has been determined in due form that ten shall be chosen. Otherwise, Myers might, by his single vote, have elected himself, and as many others as he voted for, to be overseers of the

poor of the township, without any knowledge or suspicion on the part of other voters that he was a candidate for the office.

It is manifest that the law makers never intended to leave the door open to the commission of such a fraud upon the public.

It is not in the power of a single voter, without any expression of opinion by other voters, to settle so important a question for the township. A law which would impose upon the public, and thrust into a responsible position any person claiming his election under such circumstances, would no doubt attract legislative attention. The statute has not been so unwisely framed as to permit this abuse.

The rule that persons who abstain from voting shall be considered as acquiescing in what the minority do, is not applicable in this case, because the question of the number to be selected was not submitted in any form.

Under the rule laid down by Judge Elmer in *State* v. *Labaw*, 3 *Vroom* 269, it would require a majority of all the votes cast to authorize more than one overseer to be elected. The five hundred and fifty ballots in this case upon which but one overseer was voted for, indicated that a very decided majority of the voters did not deem it necessary or convenient to elect more than one such officer. But the relator claims that the township record is sufficient evidence, *prima facie*, of his election, and, beyond this, that his title cannot be questioned in this proceeding.

It will be conceded that this court would not, on this application, decide which of two contestants claiming the office had the better title; but where, from the undisputed facts, it is clear that no one was elected, it is not bound to grant the *mandamus*. The relator has not presented such a case as will deprive the court of the exercise of its discretion. Where it is apparent that the claimant is not duly elected, a *mandamus* should not be awarded. *Prickett's case, Spenc.* 134.

Sections fifteen and fifty-eight of the township act require the names of the persons elected, and the proceedings of the town meeting, to be entered in the town book.

State, Henderson, pros., v. Jersey City.

The town book, or a sworn copy of it, and not the county clerk's certified copy, is the best evidence. *Spenc.* 134.

In this case neither the town book, nor a sworn copy of it, was offered by the relator.

The evidence for the relator is this :

Question—" Is this (Exhibit No. 2) a correct copy of the township record of the township of Raritan, for the year 1879 ?"

Answer of the town clerk—" It is as to the officers that were elected."

This evidence is insufficient to make out a *prima facie* case—

*First.* There must be a sworn copy of the entries in the town book, not of such portion of them as, in the opinion of the witness, relates to the officers elected.

*Second.* If a full copy of the proceedings as recorded in the town book had been offered in evidence, it might have appeared from those proceedings that there was a failure to elect more than one overseer of the poor, and that there was no determination on the part of the township to elect more than one.

When a person is attempting to force himself into public office under such circumstances, by the aid of the mandatory writ of this court, he should be held to the most technical rules of evidence.

The application, in my judgment, should be refused, with costs.