31 N.J. Super. 418 (1954)
107 A.2d 33
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
JAMES F. BLACK, T/A PARKVILLE TRUCKING CO., DEFENDANT-APPELLANT. STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
WILLIE JAMES COPELAND, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Considered July 6, 1954.
Decided July 22, 1954.
*420 Before Judges EASTWOOD, SMITH and FRANCIS.
Mr. James M. Davis, Jr., argued the cause for defendants-appellants.
Mr. Frederick T. Law, Prosecutor, Hudson County, for the plaintiff-respondent (Mr. Frank J.V. Gimino, Assistant Prosecutor, argued the cause).
PER CURIAM.
This matter is before the court on an appeal from the Hudson County Court, whereby said defendants were found guilty of the transportation of dangerous articles in violation of L. 1950, c. 128, § 11 (R.S. 39:5B-11) of this State.
Appellant contends that the learned trial judge erred in refusing to dismiss the complaints at the end of the State's case, and that said court erred in finding on the whole case that the tanks were loaded with anhydrous ammonia, an alleged dangerous material and therefore a violation.
Appellant contends that the evidence produced was insufficient to show that a dangerous material was actually being transported. Appellant contends that the cylinders in the truck were actually empty at the time the police stopped the appellant's truck at the entrance to the Lincoln Tunnel.
An examination of the testimony of the arresting officer and the police sergeant in charge of the dangerous cargo *421 detail for the Port of New York Authority shows the following pertinent facts.
The arresting officers testified that they had some experience with empty cylinders and that they usually were without tags and without tops. The cylinders in question had tops on and were labeled "Anhydrous Ammonia." There was also improper evidence introduced that the Interstate Commerce Commission requires a label to be on when they are full. The learned trial court stated:
"I am going to take it as prima facie proof that these tanks were filled with what the label indicated they carried."
With this statement this court is in full accord. The evidence produced leads the mind of a reasonable man to presume that the cylinders contained what the label stated.
While it would appear that it would have been a very simple matter on the part of the defendants, the driver, and the agent of the company who accepted service, to show that the cylinders were empty, it was the responsibility of the State to prove beyond a reasonable doubt that the cylinders contained anhydrous ammonia and that the vehicle was not properly labeled.
It is apparent from an examination of the evidence that there existed a genuine issue. There was proof of the charge that what defendants were transporting consisted of dangerous material, as shown by the following facts:
(1) Cylinders were being transported lying down on floor of truck  a safety measure usually employed.
(2) Cylinders were labeled, empty cylinders usually contain no labels.
(3) Tops were on and empty cylinders usually have no tops.
(4) Memorandum to driver from owner: "You will go to Philadelphia tonight to Water Works where you will pick up trailer with load of cylinders for Baltimore. On this trailer there will be nine drums for delivery to Johnson *422 Consumers Industries, 5936 56th St., Maspeth, L.I., N.Y. These cylinders and drums for Long Island are now loaded on our Trailer No. 21. * * * Bills for load of cylinders should be in this trailer."
(5) Defendant was entering the Holland Tunnel on the Jersey side for passage into New York.
This court must take notice of the improper admittance into evidence of the various regulations and documents introduced by the State.
Exhibit S. 10 "American Trucking Association, Inc., Agent, Motor Carriers Explosives and Dangerous Articles, Tariff No. 7." Said article being published by the Interstate Commerce Commission of the Federal Government, and
Exhibit S. 11 "Safety Specifications Covering the shipment and transportation as cargo by Motor Carrier of Dangerous Articles" including rules and regulations, issued by the State of New Jersey, Department of Labor and Industry.
The foregoing documents were offered into evidence, over objection, by the expedient method of merely presenting a copy of said documents.
N.J.S. 2A:82-16 specifically states:
"* * * any duly certified public record of any department of the United States government * * *, shall be admitted in evidence in the courts of this state, and shall be evidence of the facts therein contained, to the same extent as though the original paper or papers, of which the record thereof is a copy, had been produced and proved; provided, that whenever a copy of such record, other than a duly certified copy of any public record of any department of the United States government or of any federal court, shall be offered in evidence, the same shall not be admitted, unless the same shall have been first exemplified according to the acts of congress of the United States; * * *."
It is firmly established in this State that a public document may be proved by producing the original, together with testimony that it comes from a proper source and is what it purports to be; State v. Smith, 30 N.J.L. 449 (Sup. Ct. 1864); and on grounds of public convenience a well known rule of the common law allows proof of such document *423 by duly authenticated copies wherever the original would be admissible, a public document being for this purpose, a document, either judicial or non-judicial, which is public in its nature and which the public has a right to inspect.
In respect to public documents not of a judicial character, these could be proved by sworn copies. State v. Smith, supra; West Jersey Traction Co. v. Board of Public Works of City of Camden, 57 N.J.L. 313 (Sup. Ct. 1894); Morrow v. Inhabitants of Vernon Tp. in Sussex County, 35 N.J.L. 490 (Sup. Ct. 1872).
Sworn copies are copies which are produced by a witness who swears that he has compared the original, word for word, or has examined the copy while another person read it. State v. Clark, 41 N.J.L. 486 (Sup. Ct. 1879); State v. Hutchinson, 10 N.J.L. 242 (Sup. Ct. 1828). A copy of the Interstate Commerce Commission's Rules and Regulations would be acceptable if merely marked with that body's official seal. See U.S.C.A. Title 49, Section 17-(3):
"* * * The Commission shall have an official seal, which shall be judicially noticed. * * *"
Certainly, the State could not prove the Interstate Commerce regulations by means of the publication of the American Trucking Association.
Since the documents admitted in evidence were not certified copies or sworn copies of the regulations of the State Department of Labor and the Interstate Commerce Commission, as required aforesaid, the verdict of the lower court must be reversed and a new trial granted.